UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GREGORY ASGAARD, | HON. HALA Y. JARBOU |
| | U.S. DISTRICT COURT JUDGE |
| Plaintiff, | |
| | FILE NO.   2:20-cv-153-HYJ-MV |
| v | |
| | |
| COUNTY OF MARQUETTE, ET AL, | |
| | |
| Defendants. | |

_____/

| | |
|---|---|
| Eric Stempien (P58703) | Gregory R. Grant (P68808) |
| STEMPIEN LAW PLLC | CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 38701 Seven Mile Road, Ste. 130 | 310 W. Front Street, Ste. 221 |
| Livonia, MI 48154 | Traverse City, MI 49684 |
| (734) 569-9270 | (231) 922-1888/(231) 922-9888 Fax |
| eric@stempien.com | ggrant@cmda-law.com |

_____/

**DEFENDANTS, GIROUX, DAHLSTROM, AND GERBER'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF NO.37)**

NOW COME Defendants, DEPUTY SAMANTHA GERBER, DEPUTY JEFFREY GIROUX, and DEPUTY JULIE DAHLSTROM, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., and for their Objections to the Report and Recommendation (ECF No.37, PageID.434) ("R&R) state as follows:

**Objection 1: The R&R Erred in finding Asgaard's Statement to Each Officer Created a Genuine Issue of Material Fact as to the Objective Component to his Deliberate Indifference Claims.**

The R&R states: "[a]lthough the records demonstrate that Asgaard provided medical information used to complete the jail intake form (ECF No.29-2, PageID.237-41), the evidence does not include any indication that Asgaard was evaluated by medical staff before he received his top bunk sleeping assignment." (PageID.446). As such, there is no verifying medical evidence in the record. (PageID.443). Nevertheless, the R&R found a genuine issue of material fact whether Deputies Giroux, Dahlstrom, and/or Gerber "were aware of his medical need for a bottom bunk due to his mental health issues that caused PTSD and nightmares." (PageID.446-447).

The only alleged evidence of "medical need" available to each Defendant was Asgaard's own statement to him or her. (ECF No.29-3, PageID.262, 263, 265). Asgaard's alleged statement to each deputy, without more, is insufficient as a matter of law to establish the severity of his condition was obvious to a lay person. *See e.g. Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996).

Accordingly, these Defendants request that this Court sustain their objection, and find that the evidence fails to establish a genuine issue of material fact as to the objective component of the deliberate indifference claims asserted against them.

**Objection 2: The R&R Erred in finding Asgaard's Statement to Each Officer Created a Genuine Issue of Material Fact as to the subjective Component to his Deliberate Indifference Claims.**

The R&R finds a question of fact on the subjective component of the deliberate indifference claim as to each officer based on Asgaard's alleged statements made to each deputy. (PageID.447-450, 453-21). The interactions described by Asgaard in his deposition testimony fall far short of establishing that any of these Defendant deputies had "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs," much less a state of mind showing "deliberateness tantamount to intent to punish." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Simply put, the evidence viewed in the light most favorable to Asgaard fails to show that any of these deputies perceived facts from which to infer a substantial risk; actually drew the inference of a substantial risk; then disregarded that risk. See *Rouster v. City of Saginaw*, 49 F.3d 437, 446 (6th Cir. 2014).

Notably, the R&R's analysis of Deputy Giroux's alleged actions, particularly his alleged statement "nobody ever does," demonstrates that he *did not* draw an inference of a substantial risk of harm to Asgaard. (PageID.449).

The R&R's analysis of Deputy Dahlstrom's alleged actions, particularly her statement "no one was moving an there was nothing that she could do," fails to create a genuine issue of material fact that she had knowledge of facts allowing her to perceive a substantial risk, actually drew the inference, then ignored the risk in a manner tantamount to punishment. (PageID.449-550).

Likewise, the R&R's analysis of Deputy Gerber's alleged actions, particularly her alleged statements that "[t]he lieutenant said no nobody's moving," fails to show that she had knowledge of facts allowing her to perceive a substantial risk, actually drew the inference, then ignored or

disregarded the risk in a manner tantamount to punishment. (PageID.449-550).

Accordingly, these Defendants request that this Court sustain their objection, and find that the evidence fails to establish a genuine issue of material fact as to the subjective prong of the deliberate indifference claims asserted against them.

**Objection 3:  The R&R Failed to Consider the Evidence that Deputy Gerber Notified a Supervisor.**

The R&R found a question of fact whether Deputy Gerber offered Asgaard a cot. (PageID.454-455). However, the R&R did not address the uncontroverted evidence that Deputy Gerber called a supervisor in response to Asgaard's complaints. (See Brief, ECF No.29, PageID.170-171; Pls Dep, ECF No.29-3, PageID.265; Gerber Dep, ECF No.29-4, PageID.287).

Courts have granted summary judgment to corrections officers under similar circumstances, finding that the subjective intent element is not met where the corrections officer notifies a supervisor. *See e.g, Williams v. Smith*, No. 5:04CV-94-R, 2006 WL 938980, at *4 (W.D. Ky. Apr. 10, 2006) ("By leaving the note on Williams' cell door and by notifying a supervisor of Williams' desire to speak to a supervisor, Deputy Smith did not act deliberately indifferent towards Williams' medical condition."). The R&R's failure to address the argument is an error of law. Deputy Gerber did not violate Asgaard's constitutional rights because she called a supervisor.

Accordingly, Deputy Gerber asks this Court to sustain the objection and find that the evidence fails to establish a genuine issue of material fact as to the subjective prong of the deliberate indifference claim asserted against Deputy Gerber.

**Objection 4: The R&R Erred in Evaluating the Right at Stake when Reviewing the Deputies' Qualified Immunity Claims.**

The R&R articulated the right at issue as "the failure to address a potential risk of harm caused by Asgaard's PTSD and nightmares." (PageID.457). The R&R cited ***Comstock v. McCrary***, 273 F.3d 693 (6th Cir. 2001) for the proposition that "we have long held that prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such prisoner." (pageID.445-446). Cases linking psychological needs and suicidal tendencies created a clearly established right because of the known risks of suicide in the correctional setting. ***Comstock***, 273 F.3d at 702 (collecting cases). In other words, the need for medical care in the suicide context is obvious to a lay person where the detainee "showed a strong likelihood that he would attempt to take his own life in such a manner that failure to take adequate precautions amount[s] to deliberate indifference to the decedent's serious medical needs." ***Gray v. City of Detroit***, 399 F.3d 612, 616 (6th Cir. 2005).

By contrast, there is no case law linking PTSD and a known risk of nightmare or fall. While there does not need to be a case directly on point, the case law needs to be "beyond dispute" such that "every reasonable officer would have understood that what" these deputies allegedly did "violates that right." ***Mullenix v. Luna***, 577 U.S. 7, 11 (2015); ***White v. Pauly***, 137 S. Ct. 548, 551 (2017). Case law regarding risks of fall do not put these deputies on notice that their alleged conduct—not immediately acting to change a bed assignment based only on a statement made by the inmate—violated clearly established federal law. As such, Deputies Giroux, Dahlstrom, and Geber are entitled to qualified immunity.

Accordingly, these Defendants request that this Court sustain their objection and issue an

opinion granting these deputies qualified immunity.

**Objection 5:    *Kingsley* did not Put the Deputies on Notice of the Legal Standard to Apply to the Subjective Component in a Deliberate Indifference Claim.**

The R&R erred when it determined that these deputies were on notice in 2015, by the Supreme Court's issuance *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), that the legal standard applicable to pre-trial detainees *in a Fourteenth Amendment medical deliberate indifference claim* is different than the Eighth Amendment. (PageID.457). *Kingsley* articulated the standard to apply to pretrial detainees in the context of an in-jail excessive force claim, which resulted in an examination akin to the Fourth Amendment. As the R&R notes, the Sixth Circuit specifically did not answer whether or how *Kingsley* applied to this type of claim until 2021. (PageID.442-443). Rather, the Sixth Circuit noted that it has "historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims under the same rubric." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018).

*Kingsley* was not extended to pretrial detainee deliberate indifference claims until 2021, when the Sixth Circuit decided *Brawner v. Scott Cnty, Tennessee*, 14 F.4th 585, 597 (6th Cir. 2021). Other district courts within this Circuit have recognized that *Kingsley* was not extended to deliberate indifference claims until *Brawner* was decided. *Buetenmiller v. Macomb Cty.*, No. 20-11031, 2022 WL 203000, at *8 (E.D. Mich. Jan. 20, 2022) ("the deliberate indifference test is substantially modified"); *Walker v. S. Health Partners*, No. CV 5:20-397-DCR, 2021 WL 5988359, at *13 (E.D. Ky. Dec. 17, 2021) ("In *Brawner v. Scott Cnty., Tenn.*, the Sixth Circuit extended *Kingsley* to deliberate-indifference claims, concluding that it is inappropriate to apply the same test to cases involving pretrial detainees and convicted prisoners"); *Nelms v. Lenawee*

*Cty.*, No. 21-10917, 2022 WL 263038, at *4 (E.D. Mich. Jan. 26, 2022)("Recently, the Sixth Circuit clarified that the deliberate-indifference standard that applies to pretrial detainees is different from the deliberate-indifference standard that governs convicted prisoners under the Eighth Amendment.")(citing *Brawner*, 14 F.4th at 596. As did the Sixth Circuit, in *Greene v. Crawford County*, 22 F.4th 593, 606 (2022) ("This court's opinion in *Brawner* changed things.").

If the Sixth Circuit did not settle, or rather, *changed* which constitutional standard applied to a deliberate indifference claim, it cannot be said that the law was "beyond debate" in 2017. Qualified immunity is appropriate in light of this change to the law, especially where the denial of these deputies' qualified immunity turns on whether their conduct was "reckless," which is a new heightened standard applied to the subjective prong of the articulated in *Brawner*, and later defined in *Greene v. Crawford County*, 22 F.4th 593 (2022).

Accordingly, these Defendants request that this Court sustain the objection and issue an opinion granting these officers qualified immunity.

**Objection 6:** **The R&R erred in Analyzing the State Law Gross Negligence Claims.**

The R&R found that a genuine question of material fact existed regarding whether these deputies' conduct rose to the level of gross negligence for the same reasons that the Fourteenth Amendment claim should proceed against them. (PageID.460). Because the R&R erred in determining whether the deputies conduct amounted to deliberate indifference, it erred in determining whether the deputies conduct amounted to a reckless and substantial lack of concern for purposes of the state law claim as well.

Moreover, these Defendants are entitled to summary judgment on this claim because their conduct was not the proximate cause, that is, the "one most immediate, efficient, and direct cause"

of Asgaard's injuries. ***Robinson v City of Detroit***, 462 Mich. 439, 459; 613 N.W.2d 307 (2000). The court did not address the argument that none of the deputies' conduct was one immediate, efficient, and direct cause of Asgaard's injuries." Simply put, Asgaard spoke with Dahlstrom and Giroux before he spoke with Gerber, who called a supervisor. None of these deputies conduct, therefore, was the last and most immediate, efficient and direct cause of his injuries. The last and most direct cause preceding the injury was Asgaard's own actions. (ECF No.29, PageID.174-175).

Accordingly, these Defendants request that this Court sustain the objection and issue an opinion granting these officers summary judgment on the state law gross negligence claim.

## CONCLUSION AND RELIEF REQUESTED

Defendants respectfully request that this Court sustain their objections and enter summary judgment in favor of these Defendants for the reasons outlined above.

Dated:   February 14, 2021                    CUMMINGS, McCLOREY, DAVIS
                                                        & ACHO, P.L.C.

                                                       /s/ Gregory R. Grant
                                              Gregory R. Grant (P68808)
                                              Attorneys for Defendants
                                              310 W. Front Street, Ste. 221
                                              Traverse City, MI 49684
                                              (231) 922-1888/(231) 922-9888 Fax
                                              ggrant@cmda-law.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

GREGORY ASGAARD,

    Plaintiff,

v

COUNTY OF MARQUETTE, ET AL,

    Defendants.

HON. HALA Y. JARBOU
U.S. DISTRICT COURT JUDGE

FILE NO.   2:20-cv-153-HYJ-MV

_____/

| | |
|---|---|
| Eric Stempien (P58703)<br>STEMPIEN LAW PLLC<br>Attorneys for Plaintiff<br>38701 Seven Mile Road, Ste. 130<br>Livonia, MI 48154<br>(734) 569-9270<br>eric@stempien.com | Gregory R. Grant (P68808)<br>CUMMINGS, McCLOREY, DAVIS &<br>ACHO, P.L.C.<br>Attorneys for Defendants<br>310 W. Front Street, Ste. 221<br>Traverse City, MI 49684<br>(231) 922-1888/(231) 922-9888 Fax<br>ggrant@cmda-law.com |

_____/

## PROOF OF SERVICE

    Laurie Robbins, being duly sworn, deposes and says that she served a copy of **DEFENDANTS, GIROUX, DAHLSTROM, AND GERBER'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF NO. 37)** and **PROOF OF SERVICE**, on **February 14, 2022**, via ECF filing only to the following:

Eric Stempien - *eric@stempien.com* and *shawn@stempien.com*
STEMPIEN LAW PLLC

Clerk of the Court
U.S. WESTERN DISTRICT COURT OF MICHIGAN

                                                                  */s/ Laurie Robbins*
                                                                  Laurie Robbins