UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY ASGAARD,

     Plaintiff,

                                        Case No. 2:20-cv-153

v.

                                        Hon. Hala Y. Jarbou

COUNTY OF MARQUETTE, et al.,

     Defendants.
_____/

## ORDER

On January 31, 2022, the magistrate judge issued a Report and Recommendation (R&R,

ECF No. 37) recommending that the Court grant Defendants' motion for summary judgment (ECF

No. 29) in part and deny it in part.  Before the Court is Defendants' objection to the R&R (ECF

No. 38).

> The district judge must determine de novo any part of the magistrate judge's
> disposition that has been properly objected to.  The district judge may accept, reject,
> or modify the recommended disposition; receive further evidence; or return the
> matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff was a pre-trial detainee in Marquette County Jail when he suffered multiple facial

fractures and a traumatic brain injury because of a fall from an upper bunk during a nightmare.

Plaintiff claims that he has post-traumatic stress disorder (PTSD) and requested a lower bunk

assignment repeatedly but was denied.  Plaintiff brings this suit pursuant to 42 U.S.C. § 1983

against four deputies for deliberate indifference to his serious medical needs, as well as state law

gross negligence claims, and a municipal liability claim under § 1983 against Marquette County.

The magistrate judge determined that genuine issues of material fact remain in Plaintiff's

Fourteenth Amendment deliberate indifference claims and gross negligence claims against Deputies Jeffrey Giroux, Julie Dahlstrom, and Samantha Gerber, and that these Deputies are not entitled to qualified immunity.   The magistrate judge also recommended that summary judgment be granted in favor of Deputy Anne Boda and Marquette County.   Defendants make several objections to the magistrate judge's determination that summary judgment should not be granted in favor of the other Deputies.

First, Defendants argue that Plaintiff's statement, without more, is not sufficient to create a genuine issue of material fact as to the objective component of his deliberate indifference claims. Deliberate indifference claims for pretrial detainees are brought under the Fourteenth Amendment, which extends Eighth Amendment protections to pretrial detainees through the Due Process Clause.  *Whitley v. Albers*, 475 U.S. 312, 327 (1986).  Deliberate indifference claims have an objective component and a subjective component.  "The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need."  *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009).  A medical need is sufficiently serious if it is one that a physician has diagnosed as mandating treatment, or where the need is "so obvious that even a layperson would easily recognize the necessity" for treatment.  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899-900 (6th Cir. 2004).

Defendants point to *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996), for the proposition that Plaintiff's statement on its own, "is insufficient as a matter of law to establish the severity of his condition was obvious to a lay person."  (Defs.' Obj., ECF No. 38, PageID.463.) In *Durham*, the Sixth Circuit agreed with the magistrate judge that the plaintiff's broken arm did not satisfy the objective component because of, among other things, "[t]he lack of outward symptoms of a broken arm, plaintiff's alternating between claims of having a broken arm and

2

denial of pain, the numerous times his arm was examined by medical personnel . . . ."  97 F.3d at

869.  *Durham* does not support Defendants' assertion that Plaintiff's statement is not sufficient to

create a question of fact.

Next, Defendants make several objections to the magistrate judge's treatment of the

subjective component of the deliberate indifference claim.   The Court will first address

Defendants' fourth and fifth objections regarding qualified immunity and the appropriate standard

for the subjective component.  The magistrate judge applied the standard set out in *Greene v.*

*Crawford County*, 22 F.4th 593 (6th Cir. 2022), a case recently decided by the Sixth Circuit.

*Greene* clarified that the majority opinion in *Brawner v. Scott County*, 14 F.4th 585 (6th Cir. 2021),

that modified the deliberate indifference subjective component prong pursuant to the Supreme

Court's holding in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), was not mere dicta.   The

modification in *Brawner*, and defined in *Greene*, declared that the subjective prong applied to

pretrial detainees requires only recklessness.  *Greene*, 22 F.4th 593, 606 (citing *Brawner*, 14 F.4th

at 597 ("A pretrial detainee must prove 'more than negligence but less than subjective intent—

something akin to reckless disregard.'")).   In other words, at the summary judgment stage, a

plaintiff must present evidence form which a reasonable jury could find that the defendant "'acted

intentionally to ignore [the detainee's] serious medical need, or [] recklessly failed to act

reasonably to mitigate the risk the serious medical need posed to' the detainee." *Id.* at 607 (quoting

*Brawner*, 14 F.4th at 597).

Defendants argue that this recent modification of the legal standard applied to deliberate

indifference claims entitles them to qualified immunity.  Defendants misunderstand the clearly

established standard for qualified immunity.  As the magistrate judge pointed out in the R&R, a

change in the legal standard applied by the Court does not change that it is clearly established that

deliberate indifference to a plaintiff's serious medical need, including mental health care, is a violation of a constitutional right. *See Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (discussing the clearly established constitutional right of prisoners to medical care, including to serious psychiatric needs). Additionally, in *Greene*, the Sixth Circuit applied the modified standard to the facts which occurred in 2017, 22 F.4th at 601-04, while the facts in this case occurred in 2019. The Sixth Circuit's discussion of qualified immunity and clearly established right was not affected by the modified subjective component standard.

Defendants also argue that "there is no case law linking PTSD and a known risk of nightmare or fall" and existing case law did not put the Deputies on notice that their conduct violated clearly established federal law. (Defs.' Obj., PageID.466.) However, for a right to be clearly established, the "unlawfulness must be apparent in the light of pre-existing law, but we need not find a case in which the very action in question has previously been held unlawful." *Greene*, 22 F.4th at 615 (quoting *Burwell v. City of Lansing, Mich.*, 7 F.4th 456, 476 (6th Cir. 2021)) (internal quotations omitted). Therefore, the Court will overrule Defendants' objections based on the modified subjective component and clearly established law.

Defendants' second objection argues that the evidence viewed in the light most favorable to Plaintiff fails to create a question of fact as to the subjective component, but Defendants apply the standard prior to *Brawner* and *Greene*. Defendants argue that the R&R erred in the analysis of the facts as to each Deputy (other than Deputy Boda), that each "had knowledge of facts allowing [him or her] to perceive a substantial risk, actually drew the inference, then ignored the risk in a manner tantamount to punishment." (Defs.' Obj., PageID.464.) Because the Defendants apply the wrong standard in their objection, the Court is not persuaded that the magistrate judge

4

erred in finding that a genuine issue of material fact exists as to the subjective component of

Plaintiff's deliberate indifference claims against these Deputies.

Defendants' third objection faults the R&R for failing to consider the evidence that Deputy

Gerber notified a supervisor. Defendants claim that "[c]ourts have granted summary judgment to

corrections officers under similar circumstances, finding that the subjective intent element is not

met where the corrections officer notifies a supervisor." (Defs.' Obj., PageID.465.) Again, this

objection applies the wrong subjective component standard. Further, Defendants cite only one

district court case from the Western District of Kentucky, which has no binding effect on this court.

In *Williams v. Smith*, the court noted that the defendant had checked on the plaintiff, left a note on

the prison cell, and told a supervisor of the plaintiff's desire to speak to him. No. 5:04CV-94-R,

2006 WL 938980, at *4 (W.D. Ky. Apr. 10, 2006). These actions combined suggested to that

court that the defendant did not have the necessary intent to meet the deliberate indifference

standard at that time. Here, given that the standard has been modified and the facts are not directly

on point, a question of fact remains as to whether Deputy Gerber intentionally ignored Plaintiff's

serious medical needs or recklessly disregarded a risk of harm to Plaintiff.

Lastly, Defendants object to the R&R's recommendation regarding the state law gross

negligence claims. Defendants make the same arguments for the state law claims as the deliberate

indifference claims. The Court is not persuaded by Defendants' deliberate indifference arguments

and agree with the R&R that a genuine issue of material fact exists regarding whether Defendants'

conduct rose to the level of gross negligence that was the proximate cause of Plaintiff's injuries.

Accordingly,

**IT IS ORDERED** that Defendants' objection (ECF No. 38) is **OVERRULED.**

**IT IS FURTHER ORDERED** that the R&R (ECF No. 37) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**.  The motion is granted as to Defendants Anne Boda and Marquette County and denied as to Defendants Jeffrey Giroux, Julie Dahlstrom, and Samantha Gerber.

**IT IS FURTHER ORDERED** that Defendants Boda and Marquette County are **DISMISSED** from the case.

Date:      February 28, 2022                              /s/ Hala Y. Jarbou
                                                                      HALA Y. JARBOU
                                                                      UNITED STATES DISTRICT JUDGE

6