UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GREGORY ASGAARD, | HON. HALA Y. JARBOU |
| | U.S. DISTRICT COURT JUDGE |
| Plaintiff, | |
| | FILE NO. 2:20-cv-153-HYJ-MV |
| v | |
| | |
| COUNTY OF MARQUETTE, ET AL, | |
| | |
| Defendants. | |

Eric Stempien (P58703)
STEMPIEN LAW PLLC
Attorneys for Plaintiff
38701 Seven Mile Road, Ste. 130
Livonia, MI 48154
(734) 569-9270
eric@stempien.com

Gregory R. Grant (P68808)
CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
Attorneys for Defendants
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO PLAINTIFF'S MILITARY SERVICE**

**\*\*ORAL ARGUMENT REQUESTED\*\***

NOW COME Defendants, SHERIFF'S DEPUTY SAMANTHA GERBER, SHERIFF'S DEPUTY JEFFREY GIROUX, and SHERIFF'S DEPUTY DAHLSTROM, by and through their attorneys, CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C., hereby requests this Honorable

Court grant their Motion in Limine to Exclude Reference to Plaintiff's Military Service, for the reasons stated in the attached Brief in Support.

Dated:    March 3, 2022                          CUMMINGS, McCLOREY, DAVIS
                                                              & ACHO, P.L.C.

                                                      /s/ Gregory R. Grant
                                                      Gregory R. Grant (P68808)
                                                      Attorneys for Defendants
                                                      310 W. Front Street, Ste. 221
                                                      Traverse City, MI 49684
                                                      (231) 922-1888/(231) 922-9888 Fax
                                                      ggrant@cmda-law.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

GREGORY ASGAARD,

    Plaintiff,

v

COUNTY OF MARQUETTE, ET AL,

    Defendants.

HON. HALA Y. JARBOU
U.S. DISTRICT COURT JUDGE

FILE NO.   2:20-cv-153-HYJ-MV

_____/

Eric Stempien (P58703)
STEMPIEN LAW PLLC
Attorneys for Plaintiff
38701 Seven Mile Road, Ste. 130
Livonia, MI 48154
(734) 569-9270
eric@stempien.com

Gregory R. Grant (P68808)
CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.
Attorneys for Defendants
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

_____/

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO PLAINTIFF'S MILITARY SERVICE**

**\*\*ORAL ARGUMENT REQUESTED\*\***

## TABLE OF CONTENTS

TABLE OF CONTENTS ……………………………………………………….. ii

INDEX OF AUTHORITIES ……………………………………………………. iii-iv

ISSUES PRESENTED …………………………………………………………. v

I.     BACKGROUND ……………………………………………................. 1

II.    LEGAL ARGUMENT ……………………………………................. 1-3

III.   RELIEF REQUESTED ………………………………………………. 4

## INDEX OF AUTHORITIES

**CASES:**                                                                                                          **PAGE NO.**

*Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 587 (6th Cir.1994) ............... 2

*Doe v. Claiborne County,* 103 F.3d 495, 515 (6th Cir.1996) ............................ 3

*Dortch v. Fowler,* 588 F.3d 396, 400 (6th Cir.2009) ...................................... 2

*Finch v. Monumental Life Ins. Co.,* 820 F.2d 1426, 1431 (6th Cir.1987) ............... 2

*Figgins v. Advance America Cash Advance Centers of Michigan, Inc.,*
    482 F.Supp.2d 861, (E.D.Mich.2007) ................................................ 1

*Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D.Ohio 2004) ......... 2

*Jonasson v. Lutheran Child and Family Servs.,* 115 F.3d 436, 440 (7th Cir.1997) ..... 1, 2

*Luce v. United States,* 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984) .... 1

*Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D.Mich.1997) .... 2

*Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 384, 128 S.Ct. 1140,
    170 L.Ed.2d 1 (2008) .............................................................. 3

*Sutkiewicz v. Monroe County Sheriff,* 110 F.3d 352, 357 (6th Cir.2007) ............... 2, 3

*United States v. Certain Lands Situated in the City of Detroit,* 547 F.Supp. 680, 681
    (E.D.Mich.1982) ................................................................... 1, 2

*United States v. Fienman,* 930 F.2d 495, 499 (6th Cir.1984) ............................ 3

*United States v. Whittington,* 455 F.3d 736, 739 (6th Cir.2006) ........................ 2

## INDEX OF AUTHORITIES

**FEDERAL:**

Fed. R. Evid. 401 .................................................................................... 2

Fed. R. Evid. 402 .................................................................................... 2

Fed. R. Evid. 403 .................................................................................... 3

Fed. R. Evid. 103(c) ................................................................................ 1

## ISSUES PRESENTED

I.     WHETHER REFEFENCE TO PLAINTIFF'S MILITARY SERVICE SHOULD BE PRECLUDED AT TRIAL AS IRRELEVANT EVIDENCE AND/OR EVIDENCE THAT IS MORE PREJUDICIAL THAN PROBATIVE.

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO PLAINTIFF'S MILITARY SERVICE

I. **BACKGROUND.**

Plaintiff served in the United States Navy. **ECF No. 1; PageID.3.** Defendants have the utmost respect for our Servicemen and Servicewomen. With this said, the fact that Plaintiff served in the military is irrelevant to whether he was denied a bottom bunk at the Marquette County Jail. If anything, Plaintiff will attempt to gain sympathy from the jury by referencing the fact that he served bravely in the Navy. This would clearly create unfair prejudice to the defense. Defendants request that an order be entered precluding Plaintiff from referencing his military background.

II. **LEGAL ARGUMENT.**

The Federal Rules of Evidence do not specifically contemplate the use of motions in limine, however, their use has evolved under the federal courts' inherent authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). *See also Figgins v. Advance America Cash Advance Centers of Michigan, Inc.*, 482 F.Supp.2d 861, (E.D. Mich. 2007) (explaining such motions find some basis for authority under Fed. R. Evid. 103(c) which provides that jury proceedings should be conducted "so as to prevent inadmissible evidence from being suggested."). The decision to grant or deny a motion in limine is within a trial court's discretion. *United States v. Certain Lands Situated in the City of Detroit*, 547 F.Supp. 680, 681 (E.D. Mich. 1982). The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial, as well as to focus the issues to be considered by the jury. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). Motions in limine allow the trial judge to eliminate from

01532654-1  1

consideration evidence that should not be presented to the jury because it would not be admissible for any purpose. *Id.; Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson* ). Such motions may also be used to prevent a jury from exposure to prejudicial evidence. *Provident Life & Accident Ins. Co. v. Adie,* 176 F.R.D. 246, 250 (E.D. Mich. 1997); *Certain Lands,* 547 F.Supp. at 681.

A discussion on the relevancy and exclusion of evidence is governed by the Federal Rules of Evidence where a court must first decide if evidence is relevant, and if relevant, then the court must decide whether the evidence should be excluded. *Sutkiewicz v. Monroe County Sheriff,* 110 F.3d 352, 357 (6th Cir. 2007). Relevant evidence is generally admissible unless otherwise provided by "the United States Constitution; a federal statute; these rules (Federal Rules of Evidence); or other rules prescribed by the Supreme Court." *Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 587 (6th Cir. 1994); Fed. R. Evid. 402. Evidence is considered relevant when: "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Accordingly, the standard for relevance is extremely liberal under the Federal Rules of Evidence and is within the broad discretion of the trial judge; however, a district court cannot exclude evidence that has even the "slightest probative worth." *Dortch v. Fowler,* 588 F.3d 396, 400 (6th Cir. 2009); *United States v. Whittington,* 455 F.3d 736, 739 (6th Cir. 2006); *Finch v. Monumental Life Ins. Co.,* 820 F.2d 1426, 1431 (6th Cir. 1987). The key question in determining problems pertaining to relevancy is whether "an item of evidence, when tested by the processes of legal reasoning, possesses the sufficient probative value to justify receiving it in evidence" and the evidence relates to a material fact of the case. Fed. R. Evid. 401 advisory committee's note.

If evidence is deemed relevant, a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A district court generally has broad discretion in balancing the probative value against prejudicial impact of evidence to exclude evidence already found to be relevant. *Sprint/United Management Co. v. Mendelsohn,* 552 U.S. 379, 384, 128 S.Ct. 1140, 170 L.Ed.2d 1 (2008); *Sutkiewicz,* 110 F.3d at 360 (quoting *United States v. Fienman,* 930 F.2d 495, 499 (6th Cir. 1984)).

In this case, the fact that Plaintiff served in the military is not relevant and would cause unfair prejudice to Defendants. Undue prejudice is defined as "the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." *Sutkiewicz,* 110 F.3d at 360 (quoting *Doe v. Claiborne County,* 103 F.3d 495, 515 (6th Cir. 1996)).

Plaintiff has a diagnosis of PTSD that stems from his time in the Navy. Plaintiff may argue that he will have to disclose his service and how the PTSD originated. Defendants do not dispute that Plaintiff has PTSD based on records received during discovery. At trial, Plaintiff can surely testify that he has PTSD and symptoms such as nightmares and thrashing about in his sleep. His Military service is not material or relevant to liability as to whether he was provided a bottom bunk.

## III. RELIEF REQUESTED.

In light of the above, Defendants respectfully request that this Honorable Court grant this motion and enter an order precluding Plaintiff from referencing any aspect of his Military service.

Dated: March 3, 2022

CUMMINGS, McCLOREY, DAVIS
& ACHO, P.L.C.

 /s/ Gregory R. Grant
Gregory R. Grant (P68808)
Attorneys for Defendants
310 W. Front Street, Ste. 221
Traverse City, MI 49684
(231) 922-1888/(231) 922-9888 Fax
ggrant@cmda-law.com

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| GREGORY ASGAARD, | HON. HALA Y. JARBOU |
| | U.S. DISTRICT COURT JUDGE |
| Plaintiff, | |
| | FILE NO. 2:20-cv-153-HYJ-MV |
| v | |
| COUNTY OF MARQUETTE, ET AL, | |
| Defendants. | |

| | |
|---|---|
| Eric Stempien (P58703) | Gregory R. Grant (P68808) |
| STEMPIEN LAW PLLC | CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 38701 Seven Mile Road, Ste. 130 | 310 W. Front Street, Ste. 221 |
| Livonia, MI 48154 | Traverse City, MI 49684 |
| (734) 569-9270 | (231) 922-1888/(231) 922-9888 Fax |
| eric@stempien.com | ggrant@cmda-law.com |

**PROOF OF SERVICE**

Laurie Robbins, being duly sworn, deposes and says that she served a copy of **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO PLAINTIFF'S MILITARY SERVICE – ORAL ARGUMENT REQUESTED; BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE REFERENCE TO PLAINTIFF'S MILITARY SERVICE – ORAL ARGUMENT REQUESTED; DEFENDANTS' CERTIFICATE OF NON-CONCURRENCE; DEFENDANTS' CERTIFICATE OF COMPLIANCE WITH W.D. MICH. L. CIV. R. 7.2(b)(ii)** and **PROOF OF SERVICE**, on **March 3, 2022**, by the following methods:

<u>**VIA ECF FILING TO:**</u>

Eric Stempien
STEMPIEN LAW PLLC
38701 Seven Mile Road, Ste. 130
Livonia, MI 48154

**VIA ECF FILING TO:**

Clerk of the Court
U.S. WESTERN DISTRICT COURT OF MICHIGAN

*Laurie Robbins*
Laurie Robbins